UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WITZENMANN USA, LLC,

    Plaintiff,

Case No. 10-cv-10019

v.

HONORABLE STEPHEN J. MURPHY, III

NAVISTAR, INC.,

    Defendant.

_____/

## ORDER DISMISSING ACTION FOR LACK OF JURISDICTION

On March 24, 2010, the Court issued an order for Plaintiff to show why this action should not be dismissed for lack of subject matter jurisdiction. The Court noted Plaintiff's failure to properly plead its own citizenship for diversity purposes. Order to Show Cause, at 2-3. Plaintiff had alleged in its complaint that it is a Michigan limited liability company, but failed to allege the citizenship of the company's individual members. The citizenship a limited liability company's individual members determines the company's citizenship for purposes of diversity jurisdiction. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that a limited liability company has the citizenship of each of its members).

On March 26, 2010, Plaintiff filed a response stating the following: 1) Plaintiff is a Michigan limited liability company with a single member; 2) the sole member is Witzenmann Holding, Inc., a Delaware corporation with a principal place of business located in Michigan. Resp. ¶¶ 1, 2.

Taking as true the allegations in the complaint and the response to the show cause order, the Court concludes that it lacks subject matter jurisdiction over this action. The sole

basis of subject matter jurisdiction alleged is diversity jurisdiction, 28 U.S.C. § 1332. Compl. ¶ 7. A requirement of diversity jurisdiction is that no party share citizenship with any opposing party; there must be "complete diversity." *See Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). A corporation is a citizen of the state of its incorporation and a citizen of the state in which it has its principal place of business. 28 U.S.C. § 1332(c).

Here, Defendant is a corporation incorporated in Delaware with a principal place of business in Illinois. Compl. ¶ 4. Defendant is therefore a citizen of both Delaware and Illinois. Plaintiff is a limited liability company with one member. That member (Witzenmann Holding, Inc.) is a corporation also incorporated in Delaware, with a principal place of business in Michigan. Resp. ¶¶ 1, 2. Because a limited liability company's citizenship is determined by the citizenship of its individual members, Plaintiff (a limited liability company) is a citizen of both Delaware and Michigan, the citizenship of its sole member, Witzenmann Holding, Inc. Plaintiff and Defendant are thus both citizens of Delaware, and are not completely diverse. Accordingly, there is no diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff has alleged no other bases of subject matter jurisdiction. The Court must dismiss the action. *See* Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**WHEREFORE** it is hereby **ORDERED** that this action is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2010, by electronic and/or ordinary mail.

                                                                          _Alissa Greer_
                                                                          Case Manager